UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| In Re | Chapter 13 |
| FERNANDO SAILLANT | Case No 19-41807-CEC |
| Debtor | |

_____

AFFIRMATION IN OPPOSITION

Frances Ruiz, an attorney admitted to practice law in Eastern District of New York, hereby affirms the following to be true under the penalties of perjury:

1. I am a member of the firm of Ruiz Law Group PC, attorneys for the Debtor, and am fully familiar with the facts and circumstances hereinafter contained.

2. I submit this affirmation is in opposition to the Order to Show Cause why Debtor's counsel should not be sanctioned for failure to provide adequate representation to the Debtor.

3. On or about April 5, 2018 retained counsel represent him to in a foreclosure of tax liens. The Debtor paid the $4500. A copy of the retainer signed by the Debtor is annexed hereto as Exhibit A.

4. The Debtor retained the services of counsel to file a Chapter 13 bankruptcy petition. A copy of the retainer is annexed hereto as Exhibit B.

5. The Debtor did not pay any fees upfront but advised that he would borrow the monies to pay the fees.

6. The Debtor had paid your Affirmant Two Thousand Dollars for the filing of the Chapter 13 petition on November 8, 2019. A copy of the check is annexed hereto as Exhibit C.

7. Your affirmant filed a skeleton petition awaiting documentation from the Debtor.

8. The Debtor had failed to provide the documentation requested by your Affirmant.

9. The Trustee in that case made a motion to dismiss. I represented to the Trustee that if we were to file another Chapter 13 it would be done pro-bono.

10. The Chapter 13 under case number 18-45207 was dismissed on January 7, 2019.

11. The Chapter 13 petition under Case No. 19-41807 was filed on March 28, 2019.

12. The case was filed *pro bono*, no monies were received from Debtor for filing this Chapter 13 petition.

13. The Debtor produced some documents but made representation that he was awaiting monies from several real estate transactions.

14. Your Affirmant went over the petition with the Debtor prior to filing with the information he provided.

15. Your affirmant requested additional documentation regarding the real estate transactions to include them in the bankruptcy.

16. Debtor did not produce the documentation but instead the Debtor requested his file and informed us that he hired a new attorney.

17. The 341 Meeting of creditors was scheduled for May 15, 2019 at 10:00 am.

18. The Debtor on May 6, 2019, signed a Consent to Change Attorney. A copy of the consent is annexed hereto as Exhibit D.

19. The Debtor represented that this attorney would file the Consent to Change Attorney and enter his appearance in this case.

20. The Debtor received his entire file and represented he had hired another attorney to represent him.

21. Your affirmant received a phone call from David Owens an attorney who represented that he was the new Debtor's attorney.

22. I mistakenly relied on the Debtor and the phone call from new counsel and did not make a motion to be relieved as counsel for the Debtor.

23. Said reliance was not done wantonly nor in bad faith.

WHEREFORE, it is respectfully requested that this Court not sanction the undersigned and for such other and further relief as this Court may deem just and proper.

Date August 12, 2019

_____

Frances Ruiz (fyr0308)